# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LUCAS ROBINSON,<br><br>    Defendant. | Case No. CR12-0089<br><br>ORDER FOR PRETRIAL DETENTION |

On the 16th day of November, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Mark A. Tremmel. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## I. RELEVANT FACTS AND PROCEEDINGS

On November 8, 2012, Defendant Lucas Robinson was charged by Indictment (docket number 2) with sexual exploitation of a child. At the arraignment on November 13, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on January 7, 2013.

At the hearing, Cedar Rapids Police Officer Corey Peiffer testified regarding the circumstances underlying the instant charge. Cedar Rapids police began investigating Defendant upon information received from the Benton County Sheriff's Office, regarding a 16-year-old "run-away," with the initials L.H. Officers interviewed Defendant regarding L.H., and he admitted "sexual contact" with her. He also admitted possessing sexually explicit images of L.H. Officers also interviewed L.H., and she stated that she sent sexually explicit images of herself to Defendant. L.H. also told the officers that Defendant threatened to send the images to others if she did not continue to send him new images.

The instant indictment pertains to B.F., a 15-year-old female. Defendant admitted to officers that he possessed sexually explicit images and a sexually explicit video of B.F. Officers interviewed B.F., and she stated that she communicated with Defendant by cell phone and through Facebook. She told officers that she sent sexually explicit images of herself to Defendant. She also stated that Defendant threatened to send the images to others if she did not continue to send him new images. Additionally, B.F. informed officers that Defendant threatened bodily harm to her and her family if she did not send him the images.

Law enforcement executed a search warrant at Defendant's residence and seized his computer. Photos of B.F. and one video of B.F. were found on the computer. There were images of 25 females on Defendant's computer, 8 of whom have been identified, with the youngest being 12 years old. Additionally, threats from Defendant that he would send the images to others, unless he received more images, were found on his computer. Law enforcement also searched Defendant's cell phone and found text messages to B.F., L.H., and other minors, threatening to send sexually explicit images he had of them to others, if they did not send him more images. Lastly, law enforcement found Facebook communications with a woman who warned Defendant that his actions could result in criminal charges. In response, Defendant wrote he intended to wait and see what happened, but if he was charged, he may kill himself.

According to the pretrial services report, Defendant is 23 years old. He was born in Bogota, Columbia. He was adopted when he was 3 months old, and was raised in Blairstown, Iowa.[1] He has spent most of his life in eastern Iowa, and has resided in Cedar Rapids for the past 4 years. Defendant has never been married and has no children.

Defendant has been employed at a grocery store in Cedar Rapids since July 2011, but was placed on "suspension" pending the outcome of the instant federal charge. Defendant is in good physical health. He told the pretrial services officer that he had no

---

[1] He became a naturalized U.S. citizen as a young child.

present mental or emotional health concerns, but in 2004 was treated for depression. Defendant also stated that he attempted suicide in 2010 by consuming an excessive amount of alcohol and over-the-counter medication. Defendant reported no history of alcohol abuse, and denied the use of controlled substances.

Defendant has a minimal criminal record. On July 19, 2008, Defendant was charged and later convicted of third degree harassment. He was sentenced to 2 days in jail, and 1-year probation.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized

involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified

offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with sexual exploitation of a child. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(A).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. Law enforcement seized Defendant's computer and found sexually explicit images and a sexually explicit video of B.F. on it. Defendant admitted possessing sexually explicit images and video of B.F. Additionally, B.F. will testify that she sent sexually explicit images to Defendant. B.F. will also testify that Defendant threatened to publish these images to others if she failed to send him additional sexually explicit images. According to B.F., Defendant also threatened bodily harm if she did not continue to send him images of herself.

The Court has great concerns about the nature and circumstances underlying the instant offense. Defendant faces serious charges of victimizing young girls and threatening them in order to receive sexually explicit images. If released, Defendant could make good on his threats of publishing the images to others. If convicted of the instant federal charge, Defendant faces a mandatory 15-year prison sentence, thereby suggesting a possible risk of flight. Additionally, Defendant attempted to commit suicide 2 years ago, and recently

stated on Facebook that he would kill himself depending upon the charges in this matter. Based on the serious nature of the offense, all of the facts and circumstances, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will reasonably assure Defendant's appearance for court proceedings or assure the safety of the community. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 13, 2012) to the filing of this Ruling (November 19, 2012) shall be excluded in computing the time

within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 19th day of November, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA